**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL<br>INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case No. 1:10-cv-1711-TWP-DKL** |
| vs. | ) | |
| | ) | |
| MILL INSTALLATION &<br>CONSTRUCTION, INC., CREW2, INC.,<br>PRO CARPET, HOME DEPOT, and<br>HARVEY MARKLEY | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ENTRY ON CREW2'S MOTION TO DISMISS

This matter is before the Court on two of Defendant Crew2's ("Crew2") Motions to

Dismiss (Dkt. 17 and Dkt. 55).  Because the motions cover identical terrain,[1] the Court will treat

them as one and the same.  Specifically, these motions move the Court to dismiss (or abstain

from entertaining) Plaintiff American Family Mutual Insurance Company's ("American

Family") Complaint for Declaratory Judgment because a similar lawsuit has already been filed in

state court.  Before addressing the merits of this argument, some background is instructive.

### *Background*

This case started innocuously enough, when Defendant Dr. Harvey Markley purchased a

set of gliding patio doors from Defendant Home Depot.  Dr. Markley also contracted with Home

Depot for the installation of the doors.  Home Depot subcontracted the installation to Crew2,

who then subcontracted with Pro Carpet, who then subcontracted with Mill Installation and

---

[1]Crew2 filed the second Motion to Dismiss (Dkt. 55) in response to American Family's
Amended Complaint.

Construction, Inc. ("Mill").  On July 29, 2008, Mill began the installation.

In the meantime, on or about November 30, 2007, Mill procured a Business Key Policy of Insurance from Plaintiff American Family.  The insurance policy had a liability limit of up to $1,000,000 per occurrence and was to remain in effect until November 30, 2008, assuming all premium payments were made on a monthly basis.  American Family alleges that Mill failed to make its premium payments, and, as a result, the policy was terminated at 12:01 a.m. on October 28, 2008.

Unfortunately, as fate would have it, Dr. Markley's home was burglarized on October 29, 2008 – one day after the insurance policy allegedly expired.  On May 21, 2009, Dr. Markley sued Home Depot, Crew2, Pro Carpet, and Mill in Marion Superior Court, alleging 29 counts against the defendants, all stemming from the fact that the burglary was the result of unsecured gliding doors.  On August 23, 2009, Crew2 filed a cross motion against, among others, American Family, alleging that American Family has an obligation to defend and indemnify Crew2.  On February 4, 2010, a default judgment  was entered against Mill.

On December 27, 2010, American Family filed the present action, seeking a declaratory judgment that the insurance policy issued to Mill was cancelled at the time of the burglary due to non-payment.  In turn, American Family contends, it has no obligations to Mill – or any other Defendants – with respect to any claims asserted by Dr. Markley.

Presently, Crew2 argues that the Court should not entertain American Family's lawsuit because it essentially covers the same issues as Dr. Markley's state court lawsuit.  But although the suits arise from the same basic incident (i.e. the burglary), they involve different legal issues.  Specifically, the state court lawsuit focuses on liability and damages arising from the actual

burglary of Dr. Markley's home.  This federal lawsuit, by contrast, focuses on whether Mill (and the other Defendants) had insurance coverage from its 2007 policy with American Family at the time of the burglary.  Additional facts are added below as needed.

### *Discussion*

The crux of Crew2's argument is that the Court should abstain from entertaining the present case because allowing it to go forward would create piecemeal litigation and afford American Family a "second bite at the apple."  While this argument has some appeal, the Court is not persuaded that the current circumstances warrant divesting itself of jurisdiction over this case.  After all, it is well-settled that federal courts have a "virtually unflagging obligation" to exercise jurisdiction. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817-18 (1976) (citations omitted).  Generally, "[t]he pendency of an action in state court is no bar to proceedings concerning the same matter in federal court." *Starzenski v. City of Elkhart*, 842 F. Supp. 1132, 1135 (N.D. Ind. 1994) (citation omitted).

In determining whether abstention is appropriate, the Court must first address whether the state proceeding is, in fact, "parallel" to this federal suit. *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1287 (7th Cir. 1988).  If the proceedings aren't parallel, abstention is inappropriate. *Id*.  A suit is parallel when substantially the same parties are simultaneously litigating the same basic issues in another forum. *Id*. at 1288.

On this point, various circuit courts have found that, for purposes of the abstention doctrine, lawsuits relating to insurance coverage are not parallel to lawsuits relating to the underlying cause of action. *See, e.g., Continental Cas. Co. v. Advance Terrazzo & Tile Co., Inc.*, 462 F.3d 1002, 1006 (8th Cir. 2006) (for purposes of abstention, federal court declaratory

judgment action concerning insurance coverage and state personal injury suit were not parallel, in part because the state suit concerned the insured's liability, whereas the federal suit involved insurance coverage); *see also American Guarantee & Liability Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251-52 (5th Cir. 2005) (district court abused its discretion in granting stay of insurance company's federal lawsuit involving declaratory relief and restitution in favor of non-parallel pending state suit, even though the suits encompassed some common issues).  In the Court's view, these cases, while perhaps not directly on-point, warrant considerable weight.  As discussed, here, this federal lawsuit focuses on insurance coverage, whereas the state court suit focuses on the underlying torts or breaches of contract that are potentially intertwined with the insurance coverage.  To be sure, there is some overlap between these cases; however, at their core, they are distinct.  Accordingly, the Court concludes that the state court suit is not parallel for purposes of abstention.  For this reason alone, Crew2's motion must be denied.

But even assuming arguendo that the two suits are parallel, the Court would still not be inclined to dismiss or abstain.  In order for a federal court to defer to the concurrent jurisdiction of a parallel state proceeding, "exceptional circumstances" must exist. *Colorado River*, 424 U.S. at 813.  Moreover, Crew2 has the burden of showing the appropriateness of abstention. *See Property & Cas. Ins. Ltd. v. Central Nat. Ins. Co. of Omaha*, 936 F.2d 319, 326 (7th Cir. 1991) ("The burden lies with the proponents of abstention . . .").  Crew2's argument is fairly limited and does not meaningfully explain what, if any, "exceptional circumstances" exist.

Under the circumstances, many factors enter into an abstention determination.  The Seventh Circuit has stated as follows:

> [T]here are at least ten factors that a district court can consider in deciding whether 'exceptional circumstances' exist that would justify deference to the state courts under the *Colorado River* doctrine.... 1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim.

*Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 701 (7th Cir. 1992) (citation and internal quotations omitted).

In the Court's view, the application of these factors – particularly factors 1, 2, 3, and 7 – weighs against abstention. The state has not assumed jurisdiction over property; the federal proceedings are in a convenient location, as both cases are occurring in Indianapolis; the lawsuits pertain to distinct legal issues; and the Court has no evidence suggesting that significant progress has been made in the state court litigation. Admittedly, certain factors – such as 4 and 5 – cut in favor of abstention. Nonetheless, the Court simply cannot find that exceptional circumstances exist.

This position is reinforced by the fact that the current lawsuit seeks declaratory judgment. Fed. R. Civ. P. 57 governs declaratory judgments and provides in part that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Moreover, given that the current dispute involves the existence of coverage and duty to defend issues – and not just the duty to indemnify – it is ripe and justiciable for purposes of a declaratory judgment. *See Lear Corp. v. Johnson Electric Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003) (the duty to defend generally has not been shown to implicate the same concerns over ripeness

raised by declarations regarding the duty to indemnify); *McGrath v. Godshalk*, 2007 WL 2746865, at *4 (N.D. Ind. Sept. 18, 2007) ("in the context of insurance policies, courts have found jurisdiction over declaratory judgments regarding the validity of a policy and the coverage of a liability policy") (citations and internal quotations omitted).  In sum, given Crew2's failure to show the existence of "exceptional circumstances," the significant differences between this case and its state counterpart, and the nature of the insurance coverage issues at play, the Court finds that it must exercise jurisdiction by entertaining the merits of this case.

### Conclusion

Contrary to Crew2's contentions, this is not, in the Court's view, a "second bite at the apple."  For the reasons set forth above, Crew 2's Motions to Dismiss (Dkt. 17 and Dkt. 55) are **DENIED**.


SO ORDERED:   09/19/2011



Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

6

Copies to:

**Pamela K. Bennett**
HEHNER & ASSOCIATES
pkbennett@hehnerlaw.com,ljpotkanowicz@hehnerlaw.com

**Rori L. Goldman**
HILL FULWIDER MCDOWELL FUNK & MATTHEWS
rori@hfmfm.com,pkc@hfmfm.com

**Robert Scott Grimm**
KATZMAN & KATZMAN, P.C.
rgrimm@katzmankatzman.com,mdavis@katzmankatzman.com

**James W. Hehner**
HEHNER & ASSOCIATES
jwhehner@hehnerlaw.com,ewstajduhar@hehnerlaw.com

**Daniel Townsend McAfee**
KATZMAN & KATZMAN, P.C.
dmcafee@katzmankatzman.com

**Carolyn Abbey Miller**
HILL FULWIDER MCDOWELL FUNK & MATTHEWS
carolyn@hfmfm.com

**Robert Scott O'Dell**
O'DELL & ASSOCIATES, P.C.
rodell@odell-lawfirm.com,nvaughn@odell-lawfirm.com