UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 1:10-cv-1711-TWP-DKL ) ) |
| MILL INSTALLATION & CONSTRUCTION, INC., CREW2, INC., PRO CARPET, HOME DEPOT, and HARVEY MARKLEY | ) ) ) ) ) |
| Defendants. | ) ) ) |

**ENTRY ON MOTION TO DISMISS COUNTERCLAIMS**

This matter is before the Court on Plaintiff American Family Mutual Insurance Company's ("American Family") Motion for Judgment on the Pleadings on Defendants' counterclaims. The counterclaims that are the subject of this motion were filed by Defendant Pro Carpet ("Pro Carpet") (Dkt. 25) and Defendant Home Depot ("Home Depot") (Dkt. 26) (collectively "Counterclaimants"). For the reasons set forth below, American Family's Motion (Dkt. 29) is **GRANTED** in part and **DENIED** in part.

*Background*

A.      The Installation Subcontracts

This case started innocuously enough, when Defendant Dr. Harvey Markley purchased a set of gliding patio doors from Defendant Home Depot. Dr. Markley also contracted with Home Depot for the installation of the doors. This led to a cascade of subcontracting. First, Home Depot subcontracted the installation to Crew2, Inc. ("Crew2"). Their relationship was governed by a Service Provider Agreement. Section 9.2 of this agreement provides that Crew2:

> shall further indemnify The Home Depot . . . from and against, any losses suffered, incurred, or sustained by the Home Depot . . . to the extent resulting from, arising out of, or relating to, any claim . . . relating to actual or alleged property loss or damages, resulting or alleged to have resulted from, an act or omission of Service Provider...

Next, Crew2 subcontracted with Pro Carpet. Their relationship was governed by a Service Provider Agreement for Installation Services. Under Paragraph 20 of this agreement, Pro Carpet agreed "to protect, defend, hold harmless and indemnify" Crew 2 and Home Depot from claims arising out of Pro Carpet's services.

Finally, Pro Carpet subcontracted with Mill Installation and Construction, Inc. ("Mill"). Their relationship was governed by an Installation Subcontract for Services. This subcontract incorporated all of the above subcontract agreements. Additionally, under Paragraph 4 of this subcontract, Mill was required to "indemnify and hold [Pro Carpet] harmless from any and all claims which may arise out of the performance" of Mill. The Installation Subcontract also provided for attorney's fees, costs, and other expenses arising out of the enforcement of the subcontract. Mill did the actual work, and began installing the gliding patio doors on July 29, 2008.

**B.     The Insurance Policy**

In the meantime, on or about November 30, 2007, Mill procured a Business Key Policy of Insurance from Plaintiff American Family. The insurance policy had a liability limit of up to $1,000,000 per occurrence and was to remain in effect until November 30, 2008, assuming all premium payments were made on a monthly basis. According to American Family, the policy allegedly lapsed on October 28, 2008 due to Mill's failure to pay monthly premiums.

**C.     The Burglary and the Lawsuits**

Unfortunately, as fate would have it, Dr. Markley's home was burglarized on October 29, 2008 – one day after the insurance policy allegedly expired.  On May 21, 2009, Dr. Markley sued Home Depot, Crew2, Pro Carpet, and Mill in Marion Superior Court, alleging 29 counts against the defendants, all stemming from the fact that the burglary was the result of unsecured gliding doors.  Thereafter, on August 26, 2009, Home Depot, Crew2, and/or Pro Carpet demanded defense and indemnification from American Family for Dr. Markley's claims.  On February 4, 2011, Pro Carpet obtained a default judgment against Mill in this state court litigation.

On December 27, 2010, American Family filed the present action in this court, seeking a declaratory judgment that the insurance policy issued to Mill was cancelled at the time of the burglary due to non-payment.  In turn, American Family contends it has no obligations with respect to any claims asserted by Dr. Markley.

On March 18, 2011, both Pro Carpet and Home Depot filed counterclaims against American Family.  Specifically, Pro Carpet asserted counterclaims against American Family for (1) breach of contract, (2) breach of insurance contract, and (3) common law indemnification. Similarly, Home Depot asserted counterclaims for (1) breach of contract and (2) common law indemnification.  The counterclaims also sought a declaratory judgment that, among other things, the insurance policy did not lapse, American Family owes defense and indemnification obligations, and that American Family has an obligation to pay and satisfy any judgment rendered against Mill, Home Depot, and Pro Carpet.[1]  Additional facts are added below as needed.

---

[1] It is worth noting that a specific cause of action for a declaratory judgment is conspicuously absent from both Pro Carpet and Home Depot's counterclaims.

*Legal Standard*

Because American Family answered Defendants' Counterclaims, the present motion is a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings. Courts apply the Rule 12(b)(6) standard when ruling on Rule 12(c) motions. *Guise v. BMW Mortg., LLC*, 377 F.3d 795, 798 (7th Cir. 2004). The primary difference between a Rule 12(b) motion and a Rule 12(c) motion is that "a party may file a 12(b) motion before its answer," whereas a Rule 12(c) motion may be filed "after the pleadings are closed but within such time as not to delay the trial." *Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 n.3 (7th Cir. 1998).

When reviewing a 12(b)(6) Motion, the Court takes all well-pleaded allegations in the counterclaim as true and draws all inferences in favor of the non-movant. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). However, the allegations must "give the [counter-defendant] fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)). Stated differently, the counterclaim must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). To be facially *plausible*, the counterclaim must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted). Finally, under Rule 12(c), the court can consider documents attached to the pleadings, including letters and contracts, without converting a 12(c) motion to a motion for summary judgment. *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452-53.

*Discussion*

To reiterate, Counterclaimants have, collectively, asserted three claims against American Family: (1) breach of contract, (2) breach of insurance contract, and (3) common law indemnity.

A.  **Breach of Contract Counterclaims**

The essential elements of any breach of contract claim are (1) "the existence of a contract," (2) "the defendant's breach thereof," and (3) "damages." *Holloway v. Bob Evans Farms, Inc.*, 695 N.E.2d 991, 995 (Ind. Ct. App. 1998). Simply stated, Counterclaimants have failed to establish any contractual relationship with American Family that would support a breach of contract claim. American Family never entered into a contract with either Pro Carpet or Home Depot. For this reason, these breach of contract counterclaims are fatally flawed.

The only wrinkle to this otherwise straightforward analysis is Pro Carpet's claim that it is a "certificate holder" under Mill's insurance policy. However, upon review, it is clear that the certificate merely advised Pro Carpet that a policy had been issued to Mill; it did not make Pro Carpet a party to the insurance policy. On this point, the certificate states that "[t]his certificate is issued as a matter of information only and confers no right upon the Certificate Holder. This certificate does not amend, extend or alter the coverage afforded by the policies listed below." (Dkt. 25-3). Accordingly, American Family is entitled to dismissal of all breach of contract claims brought against it.

B.  **Common Law Indemnity**

Indemnity is "[t]he right of an injured party to claim reimbursement for its loss, damage or liability from a person who has such a duty." *Marion County Public Library v. Charlier Clark & Linard PC*, 929 N.E.2d 838, 848 (Ind. Ct. App. 2010) (citation omitted). A right of indemnification may arise from an express contractual obligation or a statutory obligation or may be implied at common law. *Id*. (citation omitted). "The right to indemnity may be implied

5

at common law only in favor of one whose liability to another is solely derivative or constructive and only against one whose wrongful act has caused such liability to be imposed." *Id.*

Here, Counterclaimants' indemnification allegations against American Family are fairly scant. More problematically, these allegations appear to be against Mill, not American Family. For instance, Pro Carpet alleges as follows:

> 22. Mill Installation purchased the Policy from American Family.
>
> 23. If Pro Carpet incurs liability for claims brought in the Markley Lawsuit, its liability is solely derivative of the negligence of Mill Installation.
>
> 24. In the event any other defendant is found liable to Dr. Markley, Pro Carpet is entitled to indemnification by Mill Installation by and through American Family from all claims arising out of the installation at 8105 Conarroe Road, Indianapolis, Indiana 46278.

In a similar fashion, Home Depot alleges:

> 14. Mill Installation purchased the Policy from American Family.
>
> 15. If Home Depot incurs liability for claims brought in the Markley Lawsuit, its liability is solely derivative of the negligence of Mill Installation.
>
> 16. Home Depot is entitled to indemnification by Mill Installation from all claims arising out of the installation at 8105 Conarroe Road, Indianapolis, Indiana 46278.

Nonetheless, the Court will reserve ruling on this issue for another day. Importantly, "[t]he obligation to indemnify does not arise until the party seeking indemnity suffers loss or damages; that is, at the time of payment of the underlying claim, payment of a judgment on the underlying claim, or payment in settlement of the underlying claim." *TLB Plastics Corp. v. Procter & Gamble Paper Prods. Co.*, 542 N.E.2d 1373, 1376 (Ind. Ct. App.1989). Given the procedural posture of this case – where no underlying liability determination has been made – the Court believes that it would be premature to address Counterclaimants' indemnification

6

claims. *See Union Fire Ins. of Pittsburgh, Pa. v. Manpower, Inc.*, 2011 WL 124242, at *4 (N.D. Ill. Jan. 12, 2011). For now, the Court believes that the most prudent course of action is to reserve ruling on the viability of Counterclaimants' indemnification claims.[2]

*Conclusion*

As set out above, American Family's Rule 12(c) Motion for Judgment on the Pleadings is **GRANTED** with respect to Counterclaimants' breach of contract claims but **DENIED** (for now) with respect to their indemnification claims. American Family also seeks costs and fees for defending against these claims. The Court will defer making a determination as to the appropriateness of costs and fees. American Family may renew their request for costs and fees after the indemnification claims have been resolved.

SO ORDERED: 09/21/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

---

[2] In a similar vein, the Court will also reserve ruling on whether the counterclaims constitute impermissible "direct actions" against American Family.

7

Copies to:

**Pamela K. Bennett**
HEHNER & ASSOCIATES
pkbennett@hehnerlaw.com,ljpotkanowicz@hehnerlaw.com

**Rori L. Goldman**
HILL FULWIDER MCDOWELL FUNK & MATTHEWS
rori@hfmfm.com,pkc@hfmfm.com

**Robert Scott Grimm**
KATZMAN & KATZMAN, P.C.
rgrimm@katzmankatzman.com,mdavis@katzmankatzman.com

**James W. Hehner**
HEHNER & ASSOCIATES
jwhehner@hehnerlaw.com,ewstajduhar@hehnerlaw.com

**Daniel Townsend McAfee**
KATZMAN & KATZMAN, P.C.
dmcafee@katzmankatzman.com

**Carolyn Abbey Miller**
HILL FULWIDER MCDOWELL FUNK & MATTHEWS
carolyn@hfmfm.com

**Robert Scott O'Dell**
O'DELL & ASSOCIATES, P.C.
rodell@odell-lawfirm.com,nvaughn@odell-lawfirm.com